NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL RAMOS-REYES,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-70830<br><br>Agency No. A204-576-755<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Daniel Ramos-Reyes, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not err in finding that Ramos-Reyes failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group).

Substantial evidence supports the agency's determination that Ramos-Reyes otherwise failed to demonstrate that the harm he fears in Mexico would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

16-70830

Thus, Ramos-Reyes' asylum and withholding of removal claims fail.

In light of this disposition, we do not reach Ramos-Reyes' remaining contentions regarding his asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**